J-S16038-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABRAM STEWART FRY | : | |
| | : | |
| Appellant | : | No. 1012 WDA 2025 |

Appeal from the Judgment of Sentence Entered March 6, 2025
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000734-2024

BEFORE: LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: June 30, 2026**

Abram Stewart Fry ("Fry") appeals from the judgment of sentence imposed following his open guilty plea to twenty counts of possession of child sexual abuse material.[1] We affirm.

For purposes of this appeal, a detailed recitation of the facts is not necessary. In 2024, law enforcement officers received multiple tips that Fry had downloaded and viewed electronic material depicting the sexual abuse of children. Accordingly, agents from the Pennsylvania Office of Attorney General and a Pennsylvania State Police trooper executed a search warrant at Fry's family residence in Houtzdale, Pennsylvania, where he resided with his parents and siblings. This search resulted in the recovery of numerous pictures and videos of child sexual abuse material on Fry's cell phone, his

---

[1] **See** 18 Pa.C.S.A. § 6312(d).

computer, and the computer located in his parents' bedroom. Consequently, police arrested Fry and the Commonwealth charged him with fifty counts of possession of child sexual abuse material, as well as one count of criminal use of a communication facility.

On November 14, 2024, Fry entered an open plea of guilty to twenty counts of possession of child sexual abuse material in exchange for the Commonwealth agreeing to *nolle prosequi* the remaining thirty-one charges and to refrain from seeking any applicable sentencing enhancements. After reviewing Fry's written guilty plea colloquy and confirming via an oral colloquy that Fry was entering the open plea knowingly, voluntarily, and intelligently, the trial court accepted the terms of the plea agreement and deferred sentencing pending the completion of a pre-sentence investigation report, as well as an assessment to determine whether Fry is a sexually violent predator ("SVP").

On March 6, 2025, the parties convened for a sentencing hearing, during which: (1) the Commonwealth conceded that Fry did not meet the criteria of an SVP; (2) Fry's mother and father testified to Fry's character in light of his prior autism diagnosis; and (3) Fry provided a statement wherein he apologized for his actions. At the conclusion of the hearing, the trial court imposed an aggregate sentence of ten to thirty years' imprisonment, with a consecutive one-year probationary term. Fry filed a timely post-sentence motion generally challenging the discretionary aspects of his sentence. After

conducting a hearing on the matter, the trial court did not make any oral ruling, nor did it enter a written ruling on the post-sentence motion. Some months later, after defense counsel filed a praecipe for a ruling on the post-sentence motion, the trial court entered an order on October 24, 2025, denying the motion by operation of law.[2] Fry filed a timely notice of appeal,[3] and both he and the trial court complied with Pa.R.A.P. 1925.

_____

[2] Although the trial court indicates it denied the post-sentence motion at a hearing conducted on May 19, 2025, our review of the record discloses no hearing on this date, nor any transcript from a hearing on this date. **See** Trial Court Opinion, 9/23/25, at 2. Further, the trial court's October 24, 2025 order denying the motion was filed beyond the 120-day period in which the trial court may rule on a post-sentence motion before it must be denied by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(a) (stating a trial court has 120 days to decide a post-sentence motion, and that if it fails to decide the motion within that period, it "shall be deemed denied by operation of law"). A review of the record reveals that this delayed order was due to a breakdown in our judicial system, as the clerk of courts should have notified Fry of the denial of his post-sentence motion by operation of law after 120 days, but failed to do so. **See** Pa.R.Crim.P. 720(B)(3)(c) (stating "[w]hen a post-sentence motion is denied by operation of law, the clerk of courts shall . . . enter an order on behalf of the court [and] serve a copy of the order on . . . the defendant's attorney"); **see also Commonwealth v. Patterson**, 940 A.2d 493, 499 (Pa. Super. 2007) (noting a breakdown occurs "where the court of clerks did not enter an order notifying the appellant that his post-sentence motion was denied by the operation of law").

[3] Fry prematurely filed his notice of appeal on August 11, 2025, before the trial court entered an order denying his post-sentence motion by operation of law. **See** Pa.R.Crim.P. 720 *Comment* (stating "[n]o direct appeal may be taken by a defendant while his or her post-sentence motion is pending"); **see also Commonwealth v. Claffey**, 80 A.3d 780, 783 (Pa. Super. 2013) (reaffirming that an appellant's notice of appeal is premature where it is filed while motions are pending). However, because the trial court thereafter entered an order denying Fry's post-sentence motion on October 24, 2025, we consider his notice of appeal as timely filed on this date. **See** Pa.R.A.P.
*(Footnote Continued Next Page)*

Fry raises the following issue for our review: "Did the trial court err and/or otherwise abuse its discretion in refusing to consider sentences of other similar offenders in the same county in fashioning [his] sentence?" Fry's Brief at 7.

Fry's sole issue presents a challenge to the discretionary aspects of his sentence. Challenges to the discretionary aspects of a sentence are not appealable as of right. **See Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015). Instead, this Court must conduct a four-part analysis prior to reviewing the merits of a challenge to the discretionary aspects of a sentence, determining:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the sentencing code, [**see**] 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and unnecessary capitalization omitted).

---

905(a)(5) (stating "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"); **see also** Pa.R.Crim.P. 720(A)(2)(b) (stating that if a defendant files a timely post-sentence motion, "the notice of appeal shall be filed . . . within [thirty] days of the entry of the order denying the motion by operation of law").

In the instant case, Fry filed a timely post-sentence motion, a timely notice of appeal, and he included a Rule 2119(f) statement in his brief. Accordingly, we now review both Fry's statement of questions presented and his Rule 2119(f) statement to determine whether he has presented a substantial question for our review. *See Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (holding that we cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists). An appellant raises a substantial question when he "advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012) (unnecessary capitalization omitted).

Pertinently, this Court has instructed that one of the fundamental norms in the sentencing process is that a defendant's sentence be individualized. *See Commonwealth v. Luketic*, 162 A.3d 1149, 1160-62 (Pa. Super. 2017) (holding a claim the sentencing court "sentenced a defendant without taking into account his or her character and background . . . raises a substantial question"); *see also Commonwealth v. Coulverson*, 34 A.3d 135, 147 (Pa. Super. 2011) (recognizing that "individualized sentencing remains the controlling norm of the sentencing process and that a sentence befitting one defendant may not befit another").

In accordance with this notion, our Court has emphasized that when a particular offense has been committed in a particular county, the sentencing judge is not required to impose similar sentences on different defendants for their separate convictions of that offense. *See Commonwealth v. Kalson*, 446 A.2d 1320, 1322 (Pa. Super. 1982) (explaining that "[n]either the governing statute on sentencing nor the controlling case law require, or even suggest, that a sentencing judge consider sentences imposed on other defendants in that county for the same crime"); *see also Commonwealth v. Rumbaugh*, 529 A.2d 1112, 1113 (Pa. Super. 1987) (concluding that the appellant failed to present a substantial question that his sentence is not appropriate under the sentencing code by claiming the sentence was excessive because it was disproportionate to sentences given to other defendants who committed similar crimes).[4]

Here, Fry did not present any argument in his statement of questions presented or his Rule 2119(f) statement to suggest that any portion of his sentence was inconsistent with a specific provision of the sentencing code or

_____

[4] We recognize that a different analysis applies in the context of disparate sentences imposed on *co-defendants*. *See Commonwealth v. Mastromarino*, 2 A.3d 581, 589 (Pa. Super. 2010) (holding that the appellant raised a substantial question regarding an excessive sentence as compared to the co-defendants' sentences); *see also Commonwealth v. Krysiak*, 535 A.2d 165, 167 (Pa. Super. 1987) (stating that "disparate sentences between two or more co-defendants constitutes a substantial question necessitating our exercise of jurisdiction to review"). Here, however, Fry acted alone and did not have a co-defendant. Therefore, these cases do not apply to our analysis.

contrary to the fundamental norms which underlie the sentencing process. Instead, Fry argued only that "the lower court's refusal to consider similar sentences of similar offenders in the same county" at sentencing presented "a substantial question warranting review." Fry's Brief at 12. Our case law is clear, however, that the trial court's refusal to consider the sentences of other defendants who committed similar offenses when calculating Fry's sentence does not raise a substantial question. *See Kalson*, 446 A.2d at 1322; *see also Rumbaugh*, 529 A.2d at 1113. Moreover, Fry does not include any legal support in either his statement of questions presented or his Rule 2119(f) statement to refute our application of this long-standing precedent to his instant claim. Consequently, we conclude that Fry has failed to raise a substantial question for our review. *See Glass*, 50 A.3d at 727. Thus, we decline to review the merits of his discretionary sentencing claim and affirm his judgment of sentence. *See Leatherby*, 116 A.3d at 83; *see also Moury*, 992 A.2d at 170.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>6/30/2026</u>